

# In the
# Missouri Court of Appeals
## Western District

THU HONG NGUYEN,

        **Appellant,**

                                        **WD85341**
                                **OPINION FILED:**
                                **June 27, 2023**

v.

STATE OF MISSOURI,

        **Respondent.**

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Joel P. Fahnestock, Judge

Before Division Three:  Janet Sutton, Presiding Judge, Cynthia L. Martin, Judge, and
Edward R. Ardini Jr., Judge

Thu Hong Nguyen ("Nguyen") appeals from a judgment denying her Rule 29.15[1]

motion for post-conviction relief following an evidentiary hearing.  Nguyen asserts the

motion court clearly erred in denying her claim that she was prejudiced by her trial

counsel's failure to present all available mitigation evidence at her sentencing proceeding.

Finding no error, we affirm.

---

[1]All rule references are to Missouri Supreme Court Rules (2020), unless otherwise
indicated.

**Factual and Procedural Background**

Nguyen immigrated to the United States from Vietnam in the early 1990s when she was a young adult. In 2015, she was running a nail salon ("LN Nails") which was located on the first floor of a three-story apartment building in Kansas City, Missouri. In the same building were sixteen apartments and other businesses. On October 12, 2015, Nguyen intentionally set fire to the nail salon. The placement of the fire in the storage closet which contained acetone and isopropyl alcohol, along with the amount of fuel and accelerant Nguyen used, contributed to the speed with which the fire spread throughout the building and concealed the main body of the fire from the outside of the building. When firefighters arrived, they began clearing the ground floors and apartments, searching for people left inside. While firefighters fought the flames, the western side of the building collapsed, burying firefighters working in the alley. Two firefighters were killed and two were severely injured.

During a police interview, Nguyen claimed that her boyfriend was the owner of LN Nails, that she had nothing to hide because the building was not hers, and that her boyfriend helped her close the salon the night of the fire. However, Nguyen's boyfriend was at a nearby casino when the fire was set. Further investigation revealed that Nguyen had a pattern of purchasing a nail salon in another person's name and thereafter making an insurance claim after the business suffered a catastrophic event, usually a fire. Nguyen received $267,000 in insurance proceeds for fourteen different claims over an eight-year period which enabled her to go long periods with no employment, living on the insurance proceeds alone. In 2013, Nguyen owned another nail salon in Lee's

2

Summit, Missouri with her 21-year-old son.  In July 2013, that salon suffered a fire and it was never reopened.

The State charged Nguyen with one count of causing catastrophe, one count of first-degree arson for deliberately causing the fire inside of LN Nails, two counts of felony murder, two counts of second-degree assault, and one count of first-degree arson for deliberately causing a fire inside of her Lee's Summit nail salon in 2013.

Nguyen's five-day-long bench trial began on July 16, 2018.  She was represented by two attorneys.  Nguyen's primary counsel "handled all of the courtroom work [including all presentation of evidence at trial and the sentencing hearing,] witness interviews and depositions," while secondary counsel "was primarily responsible for client communication and keeping the family abreast of what was going on in the case." Nguyen's secondary counsel spoke Vietnamese, and she was familiar with cultural nuances which affected Nguyen's upbringing, as she was born in and spent a portion of her childhood in Vietnam.[2]

The trial court found Nguyen not guilty of causing a catastrophe, but guilty on all other counts.  A sentencing hearing was held on September 21, 2018.  The State called several family members of the victims.  Nguyen presented evidence of mitigation from one of her sons who testified about her history of hardships, both while growing up in Vietnam and after she moved to the United States, including that Nguyen never received an education but she nevertheless worked hard as a single mother to support her four sons

---

[2]Nguyen utilized a Vietnamese interpreter throughout trial.

3

without help from their father.  Nguyen also presented a letter from Thich Hoa Dao ("Dao"), a Buddhist nun at Nguyen's temple.  The letter outlined, *inter alia*, that Nguyen's father, an American soldier during the Vietnam War, abandoned her in Vietnam to face racial discrimination, that Nguyen was ostracized by her community because she was interracial, that she was never afforded proper education as a child and instead had to work long hours to support her stepfather and four half-brothers, and that Nguyen was physically and verbally abused by her husband.

The trial court sentenced Nguyen to thirty years for the LN Nails arson, thirty years for each count of felony murder, fifteen years for the Lee's Summit nail salon arson, and seven years for each count of second-degree assault.  Nguyen's sentences for the felony murder and assault counts were ordered to run consecutively but concurrent to the arson sentences, for a total of seventy-four years in prison.  (Tr. 1477).  Nguyen's conviction was affirmed on direct appeal.  *State v. Nguyen*, 598 S.W.3d 927 (Mo. App. W.D. 2020).

Nguyen filed a timely *pro se* motion for post-conviction relief pursuant to Rule 29.15.  The motion court appointed counsel who filed a timely amended motion on November 23, 2020 ("Amended Motion") which asserted that Nguyen's representation at sentencing was ineffective because counsel failed to investigate Nguyen's "substantial social history" which "would have revealed mitigation evidence" that "would have been presented to the [trial court and there] is at least a reasonable probability that the [trial court] would have given [Nguyen] a lower sentence."  At the evidentiary hearing, post-conviction counsel presented evidence from primary and secondary counsel, as well as

4

Dr. Christopher Robertson ("Dr. Robertson"), a certified forensic examiner who was retained to conduct an evaluation of Nguyen.

Dr. Robertson testified that while interviewing Nguyen, he learned that she was raised in an impoverished environment in Vietnam where she did not attend school and was required to work from the age of ten to help support the rest of the family. Prior to working, Nguyen was forced to raise her half-siblings. Dr. Robertson testified that Nguyen relayed that she did not know her biological father (who was an American soldier), that her mother and stepfather were emotionally neglectful and favored her half-siblings, and that her stepfather was physically abusive. Nguyen described that as a child, she was taunted by her peers because she was interracial. Dr. Robertson explained that Nguyen married her husband when she was eighteen, and they moved to the United States where he controlled the finances and sent substantial portions of their income back to his family in Vietnam. Nguyen's husband eventually abandoned the family, taking their savings.

Primary counsel testified that she relied on secondary counsel to help her gather mitigation evidence for sentencing. Primary counsel testified about her understanding of Nguyen's difficult background--she knew that Nguyen was "ostracized as a child" and treated differently by her mother because her father was an American soldier, that Nguyen grew up in extreme poverty and had a very limited education; and, that she was treated poorly and abandoned by her husband. Primary counsel testified that she made a strategic decision to forgo further investigation into Nguyen's background because she believed they had sufficient evidence to introduce at sentencing. Secondary counsel

5

testified that prior to sentencing, she spoke with Nguyen, Nguyen's children, and Dao seeking mitigation evidence. Secondary counsel testified that she had more information about Nguyen's social history than primary counsel, but she did not present the evidence or speak to primary counsel about the additional history because "this court found [Nguyen] guilty despite the evidence. I did not want to bring her unfortunate history to the Court as I did not think it would make a difference."[3] Secondary counsel testified that she was aware that Nguyen was abused by her stepfather, that she experienced trauma as a result of extensive taunting by her peers as a child in Vietnam, that her mother neglected her due to her skin color, and that Nguyen's husband took advantage of Nguyen's ability to immigrate to the United States and then financially abused her and isolated her and their children.

The motion court entered a judgment ("Judgment"), which included findings of fact and conclusions of law, denying Nguyen's Amended Motion. In regards to the claim that trial counsel failed to adequately investigate Nguyen's social background, the motion court found that their investigation was adequate. The motion court referenced primary counsel's testimony about her understanding of Nguyen's social history, and found that secondary counsel "had a full understanding of [Nguyen's] social history from her investigation but chose not to present the full extent of that history at sentencing and not to share all the details of [Nguyen's] upbringing with [primary counsel]." But, the motion court did conclude that "the omission of evidence related to [Nguyen's] social

---

[3]The motion court also served as the trial court for Nguyen's criminal trial and sentencing.

background at the sentencing hearing based on trial counsel's personal belief that presentation of [Nguyen's] full social history 'would not make a difference to this Court' fell below an objective standard of reasonableness and was not reasonable trial strategy," and that "withholding information from [primary counsel] . . . also was not a reasonable trial strategy."

However, the motion court concluded that Nguyen had not established that she was prejudiced as a result of her counsel's deficient performance because:

> [The trial court] was presented most [of the] details related to [Nguyen's] unfortunate social background through [Dao's] letter and through [her son's] testimony. Before a reasonable court, the additional details regarding [Nguyen's] social background—the physical abuse by [Nguyen's] stepfather, the emotional neglect by her mother in favor of her halfsiblings, and [Nguyen] being taunted by her peers in Vietnam—would not have resulted in a lower sentence[.][4]

Nguyen appeals.

---

[4]The trial court's Judgment also separately concluded that Nguyen failed to establish that her trial counsel's decision not to present mitigating evidence of Nguyen's social history through an expert witness fell below an objective standard of reasonableness because "Dr. Robertson did not testify that Nguyen's diagnosis [of major depressive disorder with psychotic features after she was incarcerated] had any effect on [Nguyen's] actions in this case, nor did he testify as to his opinion regarding any impact her social history may have had on her actions; [moreover,] Dr. Robertson's testimony was not necessary as the social background information he testified to was known by Movant and her family."  Nguyen has not challenged that conclusion on appeal.

**Standard of Review**

"Appellate review of the [motion] court's action on [a] motion filed under . . . Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Stark v. State*, 644 S.W.3d 583, 587 (Mo. App. W.D. 2022) (quoting *Eckert v. State*, 633 S.W.3d 435, 441 (Mo. App. W.D. 2021)).

**Analysis**

Nguyen raises one point on appeal which asserts that the motion court clearly erred when it concluded that she had not established that she was prejudiced as a result of trial counsel's failure to present all available mitigation evidence at her sentencing hearing. The standard for a claim of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, Nguyen "must demonstrate that: (1) [her] trial counsel failed to exercise the level of skill and diligence that a reasonably competent trial counsel would in a similar situation, and (2) [she] was prejudiced by that failure." *Eckert*, 633 S.W.3d at 441 (citing *Strickland*, 466 U.S. at 687). The prejudice prong required Nguyen to "establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Shaw v. State*, 636 S.W.3d 596, 600 (Mo. App. W.D. 2021) (quoting *Webber v. State*, 628 S.W.3d 766, 770 (Mo. App. W.D. 2021)).

Nguyen argues that she was prejudiced by her trial counsel's failure to present "all available mitigation at [her] sentencing proceeding, including childhood trauma and

8

deprivation suffered by [Nguyen] while growing up in Vietnam due to being fathered by an American soldier (including abuse by her stepfather, neglect by her mother in favor of siblings, and being taunted by peers), and financial abuse by her husband" because the "missing details . . . would have provided the sentencing court with significant evidence of childhood trauma and deprivation, and certainly a person with such background . . . would be considered to be less culpable than a person who committed these offenses without such history."

Because the mitigation evidence presented by trial counsel during the sentencing hearing was highly similar and correlated to the evidence that was omitted, we find that the omitted evidence would not have materially enhanced the persuasive value of the mitigation evidence before the sentencing court. We agree with the motion court's findings that while some details of Nguyen's social history were not presented to the trial court, "including the physical abuse by Movant's stepfather, the emotional neglect by her mother in favor of her half-siblings, and Movant being taunted by her peers in Vietnam," most of the "details related to [Nguyen's] unfortunate social background" were presented at sentencing through Dao's letter and Nguyen's son's testimony. Dao's letter detailed that Nguyen was fathered by an American soldier during the Vietnam war, that he left her in Vietnam "to face the discrimination of being a half-breed," that Nguyen was ostracized by her community in Vietnam, that she was never afforded proper education and instead had to work long hours to support her family which included her stepfather and four half-brothers, that Nguyen was physically and verbally abused by her husband who abandoned her after they moved to the United States, and that Nguyen raised her four

9

sons without support or involvement from her husband. And, Nguyen's son testified that Nguyen faced many hardships in her life, that her upbringing in Vietnam was difficult because she worked on a rural farm and did not receive an education, and finally that she moved to the United State in the early 1990s and raised her four sons by herself without any support from their father. Further evidence of Nguyen's childhood trauma and deprivation she suffered while growing up in Vietnam, as well as financial abuse by her husband, "would have been largely cumulative of information already before the sentencing court." *Hendricks v. State*, 663 S.W.3d 875, 887-88 (Mo. App. E.D. 2023) (citations omitted). Given the significant evidence of spousal abuse and childhood trauma and deprivation Nguyen suffered that was presented at Nguyen's sentencing, we agree with the motion court that the omission of "additional details related to [Nguyen's] social history do not warrant setting the Judgment aside" because there is not a reasonable probability that the additional details would have resulted in a lower sentence. Therefore, the motion court did not clearly err in denying the Amended Motion.[5]

Point denied.

---

[5]This conclusion is reinforced by the fact that the motion court and sentencing court were the same. *Hendricks v. State*, 663 S.W.3d 875, 890 (Mo. App. E.D. 2023) (citations omitted). "[W]hen the sentencing court and the motion court are one and the same, the conclusion that 'character witnesses would not have ameliorated the sentence [is] virtually unchallengeable under the clearly erroneous standard.'" *Varvil v. State*, 645 S.W.3d 113, 117 (Mo. App. E.D. 2022) (quoting *Cherco v. State*, 309 S.W.3d 819, 831 (Mo. App. W.D. 2010)). However, this is not to suggest that the standard for determining whether the omission of mitigation evidence created a reasonable probability that Nguyen would have received a lesser sentence is a subjective standard, as evidenced by the motion court's proper application of the objective *Strickland* standard when it expressly concluded that "before a reasonable court, the additional details regarding [Nguyen's] social background . . . would not have resulted in a lower sentence."

**Conclusion**

The motion court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur

11